UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIHRETU BULTI DASISA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1397 CKK |
| | : | |
| UNIVERSITY OF THE DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT UNIVERSITY OF THE DISTRICT OF COLUMBIA'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendant University of the District of Columbia ("the University" or "UDC") respectfully moves this honorable Court, pursuant to F.R.Civ.P. 12(b)(6), to dismiss the Complaint herein for its failure to state a claim for which relief can be granted or, pursuant to F.R.Civ.P. 56, for summary judgment in favor of the University. The grounds for summary judgment are that there are no contested issues of material fact and the defendant University is entitled to judgment as a matter of law because the statute of limitations on whatever claims Plaintiff is attempting to assert has run and because it appears that the matter is *res judicata*.. The grounds for this motion are more fully articulated in the accompanying memorandum of points and authorities and statement of material facts not genuinely subject to dispute.

Respectfully Submitted,

ROBIN C. ALEXANDER [D.C. BAR No. 184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202/274-5400
ralexander@udc.edu

Certificate of Service

I certify that a copy of the foregoing Motion to Dismiss or for Summary Judgment was mailed, first-class postage prepaid, this 12th day of September, 2005, to the following:

Mihretu Bulti Dasisa, plaintiff *pro se*
1725 Lincoln Road, N.E.
Washington, DC 20002

____________________________________
Robin C. Alexander

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIHRETU BULTI DASISA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1397 RWR |
| | : | |
| UNIVERSITY OF THE DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT UNIVERSITY OF THE DISTRICT OF COLUMBIA'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Introduction

On or about September 24, 1998, plaintiff herein filed, *pro se,* a complaint in the Superior Court of the District of Columbia in Civil Action No. 98-7267. The Superior Court Complaint named "Bright Wood Postal Station," "District of Columbia (UDC) University," *(sic)* Howard University, and "U.S. Housing Authority at District of Columbia" as defendants. The face of the Complaint was incomprehensible. It was an omnibus assertion of denial of access "due to racial attack," "segregation in housing and both in community and private college due to hate crime," "possible postal fraud," "dishonesty and violence in all public and government companies reached," and "provocative act and harassment received in the same manner in all of the mentioned offices." Attached to the copy of the Complaint and Summons received by the University Counsel at the University of the District of Columbia were a page and a half of numbered lines detailing plaintiff's accusations against the University of the District of Columbia.

On November 30, 1998, defendant University of the District of Columbia filed an Answer in Superior Court, not only denying any wrongdoing to plaintiff, but asserting several affirmative defenses including failure of the Complaint to state a claim for which relief could be granted. Copies were served on all the listed defendants, as well as on plaintiff. Meanwhile, the federal

defendants had the Superior Court case dismissed and transferred to the United States District Court for the District of Columbia, where it was styled, Civil Action No. 98-2945 PLF. Ultimately, all of Plaintiff's claims were dismissed, apparently on March 17, 1999. In that matter, Plaintiff appeared to be complaining about not being admitted to classes at the University of the District of Columbia after submitting an application form.

The Complaint in this instance is confusing, but appears to be asserting civil rights and contractual complaints that the Plaintiff was not allowed to complete his education at UDC after applying for admission and paying the $20 application fee in 1998. Defendants no longer have any of the documentation previously submitted to this court about Plaintiff's claims. It does not matter. If they are indeed the same as those presented in 1998, they are *res judicata*. Even if they are not, they are time-barred.

Factual Background

Investigation in 1998 and 1999 revealed that well after the June 14, 1998 deadline for application for admission to the University of the District of Columbia ("the University" or "UDC") for the Fall 1998 semester, Plaintiff mailed to UDC an application form accompanied by photocopies of assorted transcripts and certificates from other institutions of higher education. In August, during registration, Plaintiff, apparently already upset, presented himself at the University Admissions Office and was advised that his documentation was not acceptable. He left the Admissions Office still agitated after she referred him to another official. In his Complaint, Plaintiff claims that he came to the University on another day to further argue about his documentation.

The Complaint is difficult to understand. Much of it makes no sense. Read generously, the Complaint appears to allege that Defendants failed to educate Plaintiff. The Complaint concludes that the reason for the alleged mistreatment was "segregation" because of an unidentified illness.

On September 19, 1998, the Office of Admission received a letter from Plaintiff which was labeled, "Last Notice." The letter was confused and confusing, but clearly attempted to articulate a complaint. That same day, an official of the University telephoned Plaintiff to inquire about Plaintiff's problems with the University. Plaintiff refused to talk to Mr. Johnson.

On September 24, 1998, Plaintiff filed a Complaint, *pro se,* against the University of the District of Columbia in the Superior Court of the District of Columbia against the Bright Wood Postal Station, the University of the District of Columbia, Howard University, and the U.S. Housing Authority at the District of Columbia. UDC filed an Answer asserting numerous affirmative defenses. The other nonfederal defendants filed dispositive motions, which were granted. The federal defendant(s) removed the case to the United States District Court for the District of Columbia. The Superior Court dismissed the case and transferred it to this Court which disposed of it..

## Argument

I. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE UNIVERSITY OF THE DISTRICT OF COLUMBIA FOR WHICH RELIEF CAN BE GRANTED.

For the purposes of a motion to dismiss for failure to state a claim for which relief can be granted, the well-pleaded, material allegations of the complaint must be deemed true and the complaint must be read in the light most favorable to the plaintiff. Shear v. National Rifle Assn., 196 App.D.C. 344, 606 F.2d 1251 (D.C.Cir. 1979) and McBryde v. Amoco Oil Co., 404 A.2d 200, 202 (D.C. 1979). *See also,* Donald v. Orfila, 618 F.Supp. 645 (D.D.C. 1985) (". . . it is only well-pleaded material facts which are to be taken as admitted, not plaintiff's legal conclusions. . ..") However, that part of the Complaint herein purporting to implicate the University of the District of

Columbia makes allegations of assault and discrimination in the most conclusory of terms and, in significant aspects, is self-contradictory.

The Complaint is argumentative and virtually incomprehensible. All that can be gleaned from it is that Plaintiff applied for admission to UDC, that UDC failed to reply to a mailing of July 16, 1998 and that failure somehow prevented Plaintiff from attending school. There are references to retaliation for whistleblowing, unequal treatment to all mankind and making different laws for Plaintiff. Plaintiff's multiple references to "educational performance contract" are incomprehensible. His citations are unenlightening.

Plaintiff has alleged no injury. The Complaint does not allege the necessary elements of any cause of action.

Further, self-serving, inaccurate legal conclusions cannot save a factually deficient complaint from dismissal. Faulkner Advertising Assoc., Inc. v. Nissan Motor Corp., 945 F.2d 694 (4th Cir. 1991). Plaintiff has not stated a valid claim either of intentional tort or discriminatory animus or breach of contract against the University of the District of Columbia. Without actual wrongdoing and resulting injury, none of Plaintiff's conclusions amounts to a cause of action.

## II. THE UNIVERSITY OF THE DISTRICT OF COLUMBIA IS ENTITLED TO JUDGMENT IN ITS FAVOR AS A MATTER OF LAW.

This Court must determine whether there exists a "genuine issue as to any material fact" and, if not, whether "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must grant "the benefit of all reasonable evidentiary inferences that can be drawn in favor of the nonmovant." Abourezk v. New York Airlines, Inc., 895 F.2d 1456, 1458 (D.C.Cir. 1990).

Mere naked assertions" of discriminatory intent do not state a claim. *See*, e.g., Albert v. Caravano, 824 F.2d 1333, 1341 (2nd Cir. 1987). Plaintiff's "evidentiary" allegations are not allegations of evidence or material facts, but are misstatements of facts or are vague, speculative and conclusory.

Even taking the allegations of the complaint as true (Vicki Bagley Realty, Inc., et al. v. Laufer, et al., 482 A.2d 359 (D.C.App. 1984)) and construing them in the light most favorable to plaintiff (Haymon v. Wilkerson, 535 A.2d 880 (D.C.App. 1987), there are no actionable allegations in the Complaint. Whatever happened between Plaintiff and the University occurred over six years ago. D.C. Official Code §12-301(7) provides that actions for breach of contract may not be brought after 3 years. Actions for which a limitation is not otherwise prescribed in the section must be brought within 3 years. *Id.*, §12-301(8). Plaintiff's action is now time-barred.

Summary judgment is warranted where there is no genuine issue as to any material fact and movant is entitled to summary judgment as a matter of law. In District of Columbia v. Davis, 386 A.2d 1195, at 1200 (D.C.App. 1978), the District of Columbia Court of Appeals recognized that the mere happening of an event does not impose liability or reveal proof of negligence (Ruml v. Giant Food, Inc., 290 A.2d 571 (D.C. App.1972)), and that "the burden is on the plaintiff to establish (1) a standard of care, and (2) that a violation of that standard was the proximate cause of the injury. Jones v. Safeway Stores, Inc., 314 A.2d 459 (D.C.App. 1974)."

Generally stated under Vessels v. District of Columbia, 531 A.2d 1016 (D.C. App. 1987), a case wherein police officers arrested a suspect upon the accusation of a store employee that the suspect had been observed to drive off with the store's merchandise without paying for it, the District of Columbia Court of Appeals found that in a Motion for Summary Judgment the moving party has the burden of making a prima facie showing that there are no genuine issues of material fact in dispute. Once the burden is met, plaintiff must come forward and describe with specificity

those facts that are in dispute. He may not rest on the general and conclusory allegations of his pleading. The standard articulated by the District of Columbia Court of Appeals in Vessels, *supra*, is consistent with the standard enunciated by the Supreme Court of the United States in two cases. In Celotex Corporation v. Catrett, 106 S.Ct. 2548, 2552-2553 (1986), the Court stated that there is

> no express or implied requirement in Rule 56, that the moving party support its Motion with affidavits or other similar materials negating the opponent's claim. . . Plain language of Rule 56(c) mandates the entry of Summary Judgment, after adequate time or discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

The Court found that a party seeking to oppose a Motion for Summary Judgment must make a sufficient showing on all essential elements of his case with respect to which he bears a burden of proof.

> One of the principal purposes of the Summary Judgment rule is to isolate and dispose of factually unsupported claims or defenses and we think it should be interpreted in a way that allows it to accomplish this purpose.

Celotex, *supra* at 2553. What the Court has said is that once a Motion for Summary Judgment is filed, the plaintiff must respond with positive evidence of each element of his claims. There is no basis for attribution of harmful intent or discriminatory policy to the University.

In another case from the Supreme Court, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510 (1986), the Supreme court found "that mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no genuine issue of material fact." [Emphasis in original.] The Court emphasized in this case that any dispute over a fact must be a dispute over a "material" fact. The Court advised that an opposition to a Motion for Summary Judgement "may not rest upon mere allegations of denials of his pleading, but . . . must set forth specific facts showing that there is genuine issue for trial." Anderson, supra at 2510.

The Anderson ruling is in accord with the Celotex case in which the court stated that Summary Judgment is a tool to be used to determine whether there are material issues in dispute, and if not, who should prevail according to law. The Court stated further in Anderson, *supra* at 2511:

> Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that would warrant a jury finding a verdict in favor of that party. Formerly, it was held that if there was a scintilla of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to a jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.

The Court has stated that a judge must examine a Motion for Summary Judgment and decide on the basis of the facts presented whether a fair-minded jury could come back with a verdict for the plaintiff. "The judge must view the evidence through the prism of the substantive evidentiary burden." Anderson, supra at 2513. Therefore, for plaintiff to prevail in an Opposition to this Motion for Summary Judgment, he must come forward with substantive evidence to prove every element of his complaint.

Plaintiff has not made well-pleaded allegations and cannot advance to this Court competent evidence of any discriminatory motives in the University's treatment of Plaintiff. The University is entitled to summary judgment in its favor, as a matter of law.

## III. THE UNIVERSITY OF THE DISTRICT OF COLUMBIA IS *NON SUI JURIS*.

The University of the District of Columbia is *non sui juris*. It is an independent agency of the District of Columbia government (D.C. Code § 31-1511(b)) and has no authority to sue or be sued. It is therefore, not a proper party to this suit. Hinton v. Metropolitan Police Department,

Fifth District, 726 F. Supp. 875 (D.D.C. 1989). The Board of Trustees of the University is the body corporate organized to govern the University and has the capacity to sue and be sued. (D.C. Code § 31-1511(a)). Kelley v. Morris, 400 A.2d 1045 (1979), cited in Tschanneral v. District of Columbia Bd. Of Education, 594 F. Supp. 407 (D.D.C. 1984). The District of Columbia has not been sued as a municipal corporation. *Non sui juris* governmental components cannot be sued. Blackmar v. Guerre, 342 U.S. 512, 515 (1952).

Conclusion

For the foregoing reasons, the Complaint herein should be dismissed as to the District of Columbia for its failure to state a claim for which relief can be granted. In the alternative, summary judgment should be entered in favor of the University because the Plaintiff's action is foreclosed by the statute of limitations. Further, the University is *non sui juris*.

Respectfully Submitted,

ROBIN C. ALEXANDER [D.C. BAR No. 184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202/274-5400
ralexander@udc.edu

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIHRETU BULTI DASISA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1397 RWR |
| | : | |
| BRIGHT WOOD POSTAL | : | |
| STATION, *ET AL.*, | : | |

DEFENDANT UNIVERSITY OF THE DISTRICT OF COLUMBIA'S
STATEMENT OF MATERIAL FACTS NOT GENUINELY SUBJECT TO DISPUTE

1. UDC no longer has any records of contact with Plaintiff. Records are not maintained on applicants who either do not complete the application process or do not enroll within a semester of being admitted.

2. The claims herein were litigated in 1998-99 under the caption Dasisa v. Brightwood Postal Station, *et al.*, Civil Action No. 98-2945 PLF.

Respectfully Submitted,

ROBIN C. ALEXANDER [D.C. BAR No. 184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202/274-5400
ralexander@udc.edu

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIHRETU BULTI DASISA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1397 RWR |
| | : | |
| UNIVERSITY OF THE DISTRICT OF COLUMBIA, | : | |
| | : | |
| | : | |
| Defendant. | : | |

O R D E R

Upon consideration of the motion by defendant University of the District of Columbia to dismiss the Complaint for failure to state a claim for which relief can be granted or for summary judgment in favor of defendant and the opposition thereto, it is this _____ day of ______________, 1999,

ORDERED: That defendant's motion be and hereby is GRANTED. The Complaint herein is DISMISSED with prejudice.

_______________________________________
United States District Judge

cc: Robin C. Alexander, Esq.
University Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC
ralexander@udc.edu

Mihretu Bulti Dasisa
1725 Lincoln Road, N.E.
Washington, DC 20002