RECEIVED

SEP 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
        SEP        2005

Mihretu Builti Dasisa          Civil Case NO: 05-1397-
1725 Lincolon Rd-NE                          CKK
Washington, DC-20002
            plaintiff
University of Columbia, District
4200 Connecticut Av. N W-
Wash- DC- 20008
                Defendent-
⟹ OPPOSITION TO DISMISS OR SUMMARY
    JUDGMENT REQUESTED - RESPONSE
- plaintiff brought this lawsuit after exhausted
all available proceedures to get administrative assistanc
at defendents jurisdiction refussed, for majestrate
court Cure, since defendent violated standing laws
of united state constitution, statues, laws for fair and
equitable justice.
        see (Fourteenth Amendment sect-1, 1868)
            (Amendment NINE that prohibits Rights
            not to be denied)
- US. District Court has subject matter, personal
jurisdiction over parties, this Complaint claims-
since breach of Contract, TORT Claims existed.-
persuant to Rule 5(e,h) similar to other cases
in this court as defendents moved it from DC-
Superiour Court for the purpose of jurisdiction

-2-

see:- (Fed-R-28, U.S.C.§ 1441, 1442(a) and 1446) see the attached Exhibit NoI (2P₅)

- U.S. District Court has wide discreations to enlarge the time Limits OR Revive them; NO Time Limitation on which Federal Court exercises it's discreation and since the expiration of state or District statue - (This case is on motion since since 1998 - present requested by defendents themselves in extended time grant) OR NEVER END DISTRICT COURTS POWER; Certainly, this court is given the power in it's discretion to Relieve a party on this Claim.

see:- civil, P. Rule 6 (b)
Amendment 1946 -

- District Court has Origional jurisdiction of - all civil-actions arising under the Constitution, Laws, treaties violated defendent has NO choice than majestrate Court cure - as neglect, Breach of Contract, school segregation, discremina tary acts existed against federal protection Laws

see:- Federal Question (Rule 1331)

- Since Defendent Requested more pleadings-- for effective And Applicable provisions, please see also- (1980 Acts, Sec-4 of pub-L-9t 486 as provided)

- For defendents clarification-"This act amended this section and Section 2072 of Title 15; Commerce, Trade (Education is for profit as of 1995 Act)

-3-

and enacting provisions set out as noted
under sect - 1 - of this title—shall apply to
ANY Civil Action pending on the date of enact-
ment of this act -

$$(DEC - 1, 1980)$$

CAUSE OF ACTION JUSTIFICATION FOR
→ Breach of CONTRACT
IN Higher school.

1- Defendent UDC Admitted Existance of CONTRACT
BREACHED; saying : -
"plaintiff submitted application package
at DR-Laverne Blagman Earl Admission
Office on July 5, 1998 and on August 5, 1998
paid $20 (twenty dollars) application Fee".
proves Important points of complaint as
TRUE claim.--ground for material issue
for trial Existance -
FACTUAL-GROUND: to Above statement.
As the Role of Truth, honesty and sincearity
are critical and inescapable Ethical question
the ACTUAL, CORRECT REGISTRATION DATE -
as on Complaint (Page 2) × June 2, 1998 -
                                       (was)
defendent failed to attach this Admission
Application form as signed, dated, Authorities
checked correct -- made plentiff pay $20 dollars -

2 - Defendent failed sending Orientation session manda
-ted Aug - 3, 1998; Admission or Rejection of Docu-
ments, Application forms Received as Copis of Condu

- 4 -

preventing, segregating plaintoff different
from those who Received, attendedoreintution
Continued their class on time - proves intentional
denial of access - Existance.

- see: - Title IX, 1972 as on Complaint page 3.

3 - Given more leave time - Defendent's admission
office at UDC - Received Administrative —
assistance "NOTICE OF ACTION"(pre-condition
for this law suit) on July 16, 1998 via U.S-
R- 783-140-603 but NOT ON Sep 19, 1998
        proof: - US-Coustumers TRACKING SERVICE

        see - Complaint page 3- CAN-be Arecord for Justification
- This Registred Maile Contained NO Educational
doccuments as defendent wrongfuly asserted
for Admission -- Rather Requested both Admiss.
ON or the Return of all Documents Recesved
on June 2, 1998 for fall 1998 as Required
by LAW -- defendent ignored all pleas -- and
Committed "TORT Conversion" --- Issolating,
holding, plentiff NOT to look for other schools --
Justifies Motives of Racial acts suffered.
        see (Civil Right Act 1964, Title 7
        as on Complaint on page 4.)

4 - Defendent did not attached Admission form for
NOT signed, Incompletyness -- showing this court
for its correctness on this Dismiss al Motion
Requested -- until Defendent (UDC) present
FACT ON MOTION to this Court discovery Judgement

-5-

Plentiff Complaint is <u>admitted as true</u>, and <u>trustworthy</u> for judicial Remedy —

5- Defendent school Admission official MS-LINDA
--- Remembers plaintiff's visit to her office --
Requested (all) Admission letter or Rejected
doccuments - but Refussed and denied Any
snatching, harrassment, or Any type of ASSAult
occured and that NO GROUP of people dealt
with plaintiff --" is Absolutly false.

See Exhibit No ___ page 2 (10 through 18)
On MOTION to DISMISS defendent filed to this
office undated on sep-2000S-UDC-said:-
" MS-LINDA Conquest Admission officer
<u>Reffered</u> plaintiff to Another official
(namely MR-miles Johnson) who has No-
direct Contact with "<u>OUT-STATE</u>" within -
US-Colleggee Transferee plaintiff-than
who was called for harrassment mental and
Emmotional pain inflicted, suffared plaintiff
let him leave Campus out of Animosity to
life threattening feared -without doing to UDC
them Whistle blown in other school —UDC-suppor-
ted acts Received in other schools.

See:-JACKSON vs-Birmingham Board of
Edu-NO-02-1678,(As Complaint P-3)
see:-MOTION TO DISSMISS filed (page 3) 2000S
See:-NOV-30, 1998 Answer (sect-10-18)
Exhibit NO II (3 pages Attached)
Exhibit No: III (ONE page)

proves---false, unreliable statement defendent
submitted to this court while pain
and injury existed in UDC-form-
as Racial Motives were CAUSE OF
ACTION FACTS ON hold-

6- Defendent Admitted "Plaintiff presented
himself at Admission's office and was Advised
that his documentation was NOT acceptable-"
Plaintiff never heard such Advise--RETURN OR
Admission Letter were argument, genicure
question for Egious student to Continue class-
but Reffered to None Contact to my CONTRACT
with UDC (at all)-that proves-defendents
simultanious statement of opposing TRUTH;
violating Equal opportunity clauses & Congre-
tional statues under the motives of discremination:
         See:-Complaint page 2 - in Addition
                  to this NO 6- TRUE FACT.

7- Defendent asserted plaintiff wrote a letter to
MR-JOHNSON--depriving plentiff his Educational
doccuments, his inheritance, his manhood by the
office of Admission, Issolating, segregating-
injuring plaintiff--against the law -but never
wrote A letter to MR-JOHNSON-proves false
statement-    see:(Amendment NNN25)

8- Defendent UDC- preved plentiff with No legal
Justification than Racial discremination-deprived
plentiff's Standing as a free person under the Law-

destablizing personal Freedom to seven years
unsuspected, unexpected intrgue to mental
injury, woryness - violating fundamental
principles of fairness to justice at its own
Jurisdiction - inhuman
      see: - Complaint page 2
         (Fourteenth Amendment)

9 - Plaintiff wanted or Requested NO educate him-
different from others than what others to have;
Racialy descreminated, suffared at errible
abuse of Trust at defendents school, who
created disintegrated nonentity, rather than
functional school community as the LAw is
meant to be away in which people can live
together inspite of their various differences.

10 - Defendent failed under standing all common use of
UDC - NOT private property -- And in the LAws.
what is NOT be talked about is infact often
given a presence within the discourse, in an
explicit Refusal to RETURN OR to REJECT as
June 2, 1998 Application or to write whys -
proves - denial of standing to plentiff that
silenced Rights, to attending school - out of
intentional motives of discremination.
      see: (Complaint page 1)

~~IMPORTANT~~

Mis-leading court or plaintiff may be NOT (Impractable)
Good practice for defendent lawyer under US-LAw oaths (oaths)

11- Defendent's Denial of access, Refussal of legal Documents Received is A cause of Action that obeyed secretive Actions, Rules, Laws of Admissions, policies, that Excluded plaintiff harmed mentaly, undeniable truism this court could cure on request – proves – matterial issue for Trial – as Defendent Affairmed the existance of injury saying "Any injury or harm occuring to Plaintiff is the Result of his own contributary neglect – –" for plaintiff sincearly, politely, Respectfully pleaed for the letter to Addmission or Return of Documents Demanded to Free Financial Aid on their hold-from US-Dep- of Edu- as Requested.

See page 3 (fith Defense)
On Aug 30, 1998 Answer
Exhibit Attached No 2(II) (3 pages)

12- Defendent Admitted CONTRACT Breached- – at the Same time Said "UDC is Governed by Board of TRUSTEES body of corporation that has the capacity to Sue or be Sued – so- Plentiff LAW suit is Approved by UDC-defendent as Corporation is A person – Admission office is Governed by plentiff's CONTRACT violated against the LAW – as DC-Gov- is prohibited to enter –

see:- DC-Code §§ 31-1511
see :-Jurisprudence for Contract-
(see) - 8

-9-

13- Defend's Action Annoid NOT only UDC-
president who suffared with plentiff
himself-. US-Department of Justice, U.S-Gov-
and D.C-Mayor's office Responded proposed
to move UDC- to Anacosta Area for Equal
justice distribution violated in UDC-
proves-- Existance of material genuine
FACT- for Trial -as defendent Admitted
majority of issues on this pleadings
with facts as TRUE, And Correct-
14- Defendent's summary judgment request
Contradicted itself--because UDC-failed to
present correctly, completly sogned, dated
Application form dated on June 2, 1998 on
which plaintiff based its fact as essential
to justify his opposition as Requirment to
Jeniune material FACT Oxistance-
                see: Fed-Rule 56(f)
15- Defendent failed to Recognize plaintiff filed
Civil Action to Dep of LABour in washinton
on time, that proves--this case is timely
active pending case as the above facts
Justified Jenuine issue Existance for
Trial-

-10-

Plaintiff -- send this statement as the
Above facts proved -- there is Jenuine
issue Existance for TRIAL -- So, Motion
to DISMISS is INAPPROPRIATE RESPONSE
to Justified Complaint claims.

I Mihretu Builti Dasisa says -- the
above Information or statements are TRUE
to the best of my Knowledge and belief --
      signed under the penality of prejury
this Sep- 23, 2005 --   Mihretu Bulti D-
                          Mihretu Bulti Dasisa -
                          1725 Lincoln Rd - NE
                          Wash - DC - 20002 --


IMPORTANT
1) Exhibit I (2 pages)
2) Exhibit II (3 pages)
3) Exhibit III (one page)
   Attached for support of
   Complaint Evidences.

(ONE page)

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

MIHRETU BULTI DASIS

6217 12TH - ST. NW.

WASHINGTON DC. 2001

**FILED**
CIVIL ACTIONS BRANCH

*Plaintiff*
Superior Court
of the District of Columbia
Washington, D.C.

*vs.*

BRIGHT WOOD POSTAL STATION *NW.*
*W. DC - 20011*

DISTRICT OF COLUMBIA (UDC)
UNIVERSITY *4200 connecticut Av. NW.*
*W. DC. 20008*

HOWARD UNIVERSITY *W. DC. 20059*
*2400-6th-ST. NW.*  *Defendants*

U.S. HOUSING AUTHORITY
*1133 - NORTH CAPITAL ST. NE.*

AT DISTRICT OF COLUMBIA.
*W. DC - 20002 - 7599.*    **COMPLAINT**

FILED
CIVIL ACTIONS BRANCH

SEP 24 1998

Superior Court
of the District of Columbia
Washington, D.C.

CIVIL ACTION No. _____ *98-7267*

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

   DENIAL OF ACCES DUE TO RACIAL ATTACK. SEGREGATION IN HOUSING AND BOTH

   IN COMMUNITY AND PRIVATE COLLEGE DUE TO HATE CRIME.

   POSSIBLE POSTAL FROUD, DIS HONESTY AND VIOLENCE IN ALL PUBLIC AND

   GOVERNMENT COMPANIES REACHED.

   PROVECKATIVE ACTS AND HARRASEMENT RECEIVED IN THE SAME MANNER IN ALL

   OF THE MENTIONED OFFICES.

   Wherefore, Plaintiff demands judgment against Defendant in the sum of $ *200, 000*
   with interest and costs.

                                                          Phone:

DISTRICT OF COLUMBIA, SS    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

MIHRETU BULTI D. _____, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-offs and just grounds of defense.

                              *Bulti Mihetu*
                              (Plaintiff                                  Agent)

Subscribed and sworn to before me this __*23rd*__ day of __*Sept.*__ 19 *98*

                                                    (Notary Public/Deputy Clerk)

FORM CV(6)-1013/May 88

*Exhibit No III*
*(ONE page)*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Plaintiff(s) FILED    )    Civil Action No. 98 ca 007267

MIHRETU BULTI DASISA
6217-12TH-NW  W.DC.20011
vs.

Ms. LAVERNE Et111 Defendant (s)
UNIVERSITY OF DIST.OF COLUMBIA
4200 CONNECTCUT AVE.N.W
W.DC. 20088

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, __mihretu bulti dasisa_____, under oath do
hereby state the following:
          That my age and birth date are as follows: _____
__03/05/98__
          That my residential or business address is: _____
__6217-12TH- ST-NW. W.DC.20011__
          That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
__AEP. 24, 1998_____ by registered/certified mail.
          That the return receipt attached hereto was signed by
__THEODORE HALL   TO LAVERNE_____, the Defendant herein or
__UDC 4200 CONN. AV.NW. 20008_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
__9/25/98_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
                                                        eceipt meets the
                                                        ss as required by

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the
following services (for an
extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Dr. LAVERNE BLAGMON EARL ~ UDC-4200 Conn. AV NW WASH. DC. 20008 | R627850791 |
| | **4b. Service Type** |
| | ☑ Registered   ☐ Certified |
| | ☐ Express Mail   ☐ Insured |
| | ☐ Return Receipt for Merchandise   ☐ COD |
| | 7. Date of Delivery   9/25 |
| 5. Received By: (Print Name)  Theodore Hall | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature: (Addressee or Agent)  Theodore Hall | |

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

gnature
of *Oct*. 19 98

rk/Notary Public
District of Columbia
commission expires 3-14-02

PS Form **3811**, December 1994    102595-98-B-0229    Domestic Return Receipt

*Exhibit no 2 (II)*
*(3 pages)*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division



FILED

NOV 30 1998

Superior Court
of the District of Columbia
Washington, DC

MIHRETU BULTI DASISA,                    :
                                         :
            Plaintiff,                   :
                                         :
        V.                               :        Civil Action No. 98-CA-7267
                                         :
BRIGHT WOOD POSTAL STN., et al.,         :
                                         :
            Defendants.                  :

## DEFENDANT UNIVERSITY OF THE DISTRICT OF COLUMBIA'S ANSWER

### First Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Defense

1. and 2.    Defendant University of the District of Columbia ("UDC" or "the University") has
             insufficient information upon which to admit or deny the allegations of lines 1 and 2
             of the Complaint, but asserts that mass marketing letters signed by Dr. LaVerne
             Blagmon-Earl were distributed world-wide in the Spring of 1998; and that follow-up
             letters inviting new enrollees to a mandatory orientation session were mailed on
             August 3, 1998; that plaintiff submitted an incomplete application package on July
             5, 1998 and on August 5, 1998 paid the Twenty Dollar ($20.00) application fee, but
             otherwise never completed his application.

3 through 6. Defendant UDC has insufficient information upon which to admit or deny the
             allegations of lines 3 through 6 of the Complaint, and since no exhibits were
             attached to the copy of the Summons and Complaint delivered to the University,
             has no idea what help or request for help is being referenced by plaintiff.

7.           Defendant UDC has no information regarding the receipt of any financial aid for
             plaintiff.

*Exhibit No 2*

8 and 9.    Defendant UDC admits receipt from plaintiff of several irrelevant documents about

plaintiff and a photocopy of an unofficial transcript purportedly from the University

of Massachsettus at Amherst.

10 through18.    Defendant UDC denies plaintiff's allegations, contentions, characterizations and

conclusions expressed in lines 10 through 12 of the Complaint and asserts that Ms.

Linda Conquest remembers plaintiff's visit to the admissions window at UDC on

August 5, 1998 and denies that any snatching, harassment, or any type of assault

occurred and that no group of people dealt with plaintiff.  Plaintiff refused to

understand that his application was incomplete and that his documentation was

unacceptable.  Mr. Miles Johnson recalls making a telephone call to plaintiff's home

upon receipt of a letter of complaint from plaintiff, but that plaintiff refused to come

to the phone when Mr. Johnson identified himself as a UDC official.  Mr. Johnson

also recalls that the woman who answered the phone laughed and told him that

plaintiff was going to sue everybody.

19 and 20.    Defendant UDC denies the allegations of lines 19 and 20 of the Complaint.

21 to end.    Defendant UDC denies any allegations of wrongdoing that may be discerned from

the balance of the Complaint, which appears to involve other institutions in other

places and is beyond the ken of anyone at UDC.  Defendant denies that it is liable

to plaintiff for anything, denies that it discriminated against him or in any way

mistreated him.

Third Defense

Any injury or offense occurring to plaintiff is the result of his own misconduct.

Fourth Defense

The University of the District of Columbia is *non sui juris*.

*Exhibit No 2 –*

## Fifth Defense

Any injury or harm occurring to plaintiff is the result of his own contributory negligence.

## Sixth Defense

By failing to sign and date his application and provide proper documentation of his prior creditable educational achievements, plaintiff failed to offer to the University the required consideration for admission.

## Seventh Defense

By failing to even discuss his complaint with a University official, plaintiff waived any right or claim to damages for any misunderstandings that may have occurred during his visit to the UDC admissions office.

WHEREFORE, having fully answered the Complaint defendant UDC prays this honorable Court to dismiss the instant action with costs to defendant.

Respectfully submitted,

ROBIN C. ALEXANDER [#184572]
University Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202/274-5400

## Certificate of Service

I certify that copies of the foregoing Motion were mailed, first-class postage prepaid, this 30th day of November, 1998 to Mihretu Bulti Dasisa, plaintiff *pro se*, 6217 12th Street, N.W., Washington, DC 20011; Bright Wood Postal Station, N.W., Washington, DC 20011; William Robinson, Esq., Associate General Counsel, Howard University, 2400 Sixth Street, N.W., Washington, DC 20059; and U.S. Housing Authority, 1133 North Capital Street, N.E., Washington, DC 20002-7599.

Robin C. Alexander

*Exhibit 100-1 (b)*
*(2 pages)*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*98 CA 72.5?*

MINRETU BULTI DASISA,           )
6217 12th Street, N.W.          )
Washington, D.C.  20011         )
                                )
        Plaintiff,              )
                                )
        v.                      )
*University of the District of Columbia,*
BRIGHTWOOD POSTAL               )
   STATION, ~~et al.~~, *Howard Univ,* )
Room 6004 *and U.S. Housing Auth.* )
475 L'Enfant Plaza, S.W.        )
Washington, D.C.  20260-1100    )
                                )
        Defendants.             )

CASE NUMBER  1:98CV02945

c JUDGE: Paul L. Friedman

DECK TYPE: Pro-Se

DATE STAMP: 12/03/98

FILED

DEC 0 3 1998

## NOTICE OF REMOVAL OF A CIVIL ACTION

Federal defendant, Brightwood Postal Station,[1] respectfully notifies this Court as follows:

1.   The United States Postal Service's Brightwood Postal Station is a defendant in a civil action now pending in the Superior Court of the District of Columbia, Civil Action No. 98-0007267, entitled <u>Minretu Bulti Dasisa v. Brightwood Postal Station, et al.</u>.

2.   The above-entitled action was filed on September 23, 1998, upon information and belief, Federal defendant has not yet been properly served.  A copy of the Complaint has been received by the Office of the United States Attorney for this District,

---

[1] This notice does not constitute a general appearance by employees of the USPS in their individual capacities, and all defenses available to them, including those enumerated in Fed. R. Civ. P. 12 and immunity, are reserved.

*Exhibit No I (b)*
*(2 pages)*

although the Office has not been properly served.  A copy of the

Complaint is attached as Exhibit A.

    3.    This notice of removal is brought pursuant to 28 U.S.C.

§§ 1441, 1442(a), and 1446, because plaintiff's action is one in

which the district court has jurisdiction.  In his Complaint,

plaintiff appears to assert the tort claim of negligent

transmittal of mail by USPS employees assigned to the Brightwood

Postal Station.  Plaintiff alleges that these employees failed to

deliver his mail and that they engaged in "misconduct,

dishonesty, physical and verbal abuses" and "postal fraud".  See

generally, Complaint.  Plaintiff is seeking $5,000,000 in damages

from Federal defendant.

    WHEREFORE, this action now pending in the Superior Court of

the District of Columbia is properly removed to this Court

pursuant to 28 U.S.C. § 1441, 1442, and 1446.

                    Respectfully submitted,

                    WILMA A. LEWIS, D.C. Bar # 358637
                    United States Attorney


                    MARK E. NAGLE, D.C. Bar # 416364
                    Assistant United States Attorney


                    LYDIA KAY GRIGGSBY, MD Bar #217089776
                    Assistant United States Attorney
                    555 Fourth Street, N.W., Room 9840
                    Washington, D.C.  20001
                    202/307-0372


                              2