UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
SEP    2005

Mihretu Bucilti Dasisa            Civil Case No: 05-1397-CKK
1725 Lincolon Rd-NE
Washington, DC-20002
                Plaintiff

University of Columbia, District
4200 Connecticut Av. NW-
Wash- DC- 20008
                Defendent-

⇒ OPPOSITION TO DISMISS OR SUMMARY
  JUDGMENT REQUESTED - RESPONSE

— Plaintiff brought this lawsuit after exhausted all available procedures to get administrative assistance at defendents jurisdiction refussed, for majestrate court cure, since defendent violated standing laws of united state constitution, statues, laws for fair and equitable justice.

    see (Fourteenth Amendment sect-1, aug 1868)
    (Amendment NINE that prohibits Rights
        not to be denied)

— U.S. District Court has subject matter, personal jurisdiction over parties, this Complaint claims-
since breach of Contract, TORT claims existed—
persuant to Rule 5(e,h) similar to other cases in this court as defendents moved it from DC-superiour court for the purpose of jurisdiction they claimed—

7

-2-

see:-(Fed-R-28, U.S.C. § 1441, 1442(a) and 1446) see the attached Exhibit No I (2 Ps:

- U.S. District Court has wide discreations to enlarge the time limits OR revive them; NO Time limitation on which Federal Court exercises it's discreation and since the expiration of state or District statue - (This case is on motion since since 1998 - present requested by defendents themselves in extended time grant) OR NEVER ENDS DISTRICT COURT'S POWER; Certainly, this court is given the power in it's discretion to Relieve a party on this claim.

see: civil P. Rule 6(b)
Amendment 1946 -

- District Court has Origional jurisdiction of all civil-actions arising under the Constitution, Laws, treaties violated defendent has NO choice than majestrate Court cure - as Neglect, Breach of Contract, school segregation, discreminatary acts existed against federal protection Laws.

see: - Federal Question (Rule 1331)

- Since Defendent Requested more pleadings - for effective And Applicable provisions, please see also - (1980 Acts, sec-4 of Pub-L-9t-486 as provided)

- For defendents clarification - "This act amended this section and Section 2072 of Title 15; Commerce, Trade (education is for profit as of 1995 Act)

-3-

and enacting provisions set out as noted under sect-1- of this title-- shall apply to ANY CIVIL ACTION pending on the date of enactment of this act-

(DEC-1, 1980)

CAUSE OF ACTION JUSTIFICATION FOR
→ Breach of CONTRACT
IN Higher school:

1- Defendent UDC Admitted Existance of CONTRACT BREACHED; saying:-
"plaintiff submitted application package at Dr-Laverne Blagman Earl Admission Office on July 5, 1998 and on August 5, 1998 paid $20 (twenty dollars) application Fee". proves Important points of complaint as TRUE claim-- ground for material issue for trial existence-

FACTUAL-GROUND: to Above statement.
As the Role of Truth, honesty and sincerity are critical and inescapable ethical question the ACTUAL, CORRECT REGISTRATION DATE- as on Complaint (page 2) was June 2, 1998 - defendent failed to attach this Admission Application form as signed, dated, Authorities checked correct -- made plentiff pay $20 dollars.

2- Defendent failed sending Orientation session manda-ted Aug-3, 1998; Admission or Rejection of Documents, Application forms Received or CODE of Conduct for TRUST - AS common in NATION Higher Institutions.

-4-

preventing, segregating plaintiff different from those who Received, attended oreintation continued their class on time - proves intentional denial of access - existance -

2- See: - Title IX, 1978 as on Complaint page 3.

3- Given more leave time - Defendent's admission office at UDC - Received Administrative assistance "NOTICE OF ACTION" (pre-condition for this lawsuit) on July 16, 1998 via U.S-R-783-140-603 but NOT ON Sep 19, 1998

Proof: - US-Coustumers TRACKING SERVICE CAN - be Arecord for justification

see - Complaint page 3 -
- This Registred Maile contained NO educational documents as defendent wrongfully asserted for Admission -- Rather Requested both Admission or the Return of all Documents Received on June 2, 1998 for fall 1998 as Required by LAW -- defendent ignored all pleas -- and committed "TORT Conversion" --- Issolating, holding, plentiff NOT to look for other schools - Justified motives of Racial acts suffered.

see (Civil Right Act 1964, Title 7 as on Complaint on page 4.)

4- Defendent did not attached Admission form for NOT signed, Incompletness -- showing this court for its correctness on this Dismissal motion Requested -- until Defendent (UDC) present FACT ON MOTION to this court discovery, Judgements

NOTE: (Cannot destroy or shirred evidence while case is on MOTION)

Plaintiff-Complaint is <u>admitted as true</u>, and <u>trustworthy</u> for judicial Remedy —

5- Defendent school Admission official MS-LINDA -- Remembers plaintiff's visit to her office — Requested (all) Admission letter or Rejected documents - but Refussed and denied any snatching, harrassment, or any type of Assault occured and that NO Group of people dealt with plaintiff --" is Absolutly false.

See Exhibit NO __ page 2 (10 through 18)
On MOTION to Dismiss defendent filed to this office undated on sep-2005- UDC-said:-

"Ms-LINDA Conquest Admission officer <u>Reffered</u> plaintiff to Another official (namely Mr-Miles Johnson) who has No-direct Contact with "<u>OUT-STATE</u>" within - US-colleggee <u>Transferee</u> plaintiff - than who was called for harrassment, mental and Emmotional Pain infilicted, suffered plaintiff let him leave campus out of Animosity to life threatening feared - without doing wrong to UDC than Whistle blown in other school — UDC-supported acts Received in other schools.

See:- JACKSON VS-Birmingham Board of Edu-NO-02-1672 (As Complaint P.3)
See:- MOTION TO DISSMISS filed (page 3) 2005
See:- NOV-30, 1998 Answer (Sect-10-18)
       Exhibit NO II (3 pages attached)
       Exhibit No. III (one page)

proves--false, unreliable statement defendents submitted to this court while pain and injury existed in UDC-form-- as Racial motives were CAUSE OF ACTION FACTS ON hold--

6- Defendent Admitted "plaintiff presented himself at Admission's office and was Advised that his documentation was NOT acceptable-" Plaintiff never heard such Advise-- RETURN OR Admission letter were argument, Jeniuine question for igiour student to continue class- but Reffered to none contact to my CONTRACT with UDC-(at all)- that proves-defendents simultanious statement of opposing TRUTH; violating Equal opportunity clauses of Congretional statues under the motives of doscremination: See:-Complaint page 2- in Addition to this NO 6- TRUE FACT.

7- Defendent asserted plaintiff wrote a letter to Mr-Johnson--depriving plentiff his educational doccuments, his inheritance, his manhood by the office of Admission, Issolating, segregatory-- injuring plaintiff--agaist the law--but never wrote A letter to MR-Johnson-proves false statement-- See;(Amendment n/n/15)

8- Defendent UDC- preved plentiff with NO legal Justification than Racial doscremination-deprived plentoff's Standing as a free person under the law--

destabilizing personal freedom to seven years unsuspected, unexpected intrigue to mental injury, woryness – violating fundamental principles of fairness to justice at its own Jurisdiction – inhuman

see:– Complaint page 2

(Fourteenth Amendment)

9 – Plaintiff wanted or requested no educate him-different from others than what others to have; racialy discreminated, suffared a terrible abuse of trust at defendents school, who created disintegrated nonentity, rather than functional school community as the law is meant to be away in which people can live together inspite of their various differences.

10 – Defendent failed understanding all common use of UDC – not private property --- And in the Laws – what is not be talked about is infact often given a presence within the discourse, in an explicit refusal to RETURN OR to REJECT a June 2, 1998 Application or to write whys – proves – denial of standing to plentoff that silenced Rights, to attending school – out of intentional motives of discremination.

see:-(Complaint page 1)

IMPORTANT

Mis-leading court or plaintiff may be not (Impractable) Good practice for defendent either under-oath.

-10-

Plaintiff -- send this statement as the above facts proved -- there is Jenuine issue Existance for TRIAL -- SO, MOTION to DISMISS is INAPPROPRIATE Response to Justified Complaint claims.

I Mihretu Bulti Dasisa says -- the above Information or statements are TRUE to the best of my knowledge and belief --

signed under the penalty of prejury this ~~SeP~~ - 23, 2005 -   Mihretu Bulti D-
                                    Mihretu Bulti Dasisa -
                                    1725 Lincoln Rd - NE
                                    Wash - DC - 20002 -

IMPORTANT

1) Exhibit I (2 pages)
2) Exhibit II (3 pages)
3) Exhibit III (one page)
   Attached for support of Complaint evidences --

Exhibit No I (A)
(one page)

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

MIHRETU BULTI DASISA
6217½ 2TH - ST. NW.
WASHINGTON DC. 20011

Plaintiff

vs.

BRIGHT WOOD POSTAL STATION NW.
W. DC- 20011
DISTRICT OF COLUMBIA (UDC)
UNIVERSITY 4200 Connecticut AV. NW
W. DC- 20008
HOWARD UNIVERSITY W. DC- 20059
2400-6th-ST. NW.   Defendants
U.S. HOUSING AUTHORITY
1133 - North Capital- ST. NE.
AT DISTRICT OF COLUMBIA.
W. DC- 20002- 7599.

Civil Action No. 98-1267

FILED CIVIL ACTIONS BRANCH
SEP 24 1998
Superior Court of the District of Columbia
Washington, D.C.

A-07

### COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

   DENIAL OF ACCES DUE TO RACIAL ATTACK. SEGREGATION IN HOUSING AND BOTH

   IN COMMUNITY AND PRIVATE COLLEGE DUE TO HATE CRIME.

   POSSIBLE POSTAL FROUD, DIS HONESTY AND VIOLENCE IN ALL PUBLIC AND

   GOVERNMENT COMPANIES REACHED.

   PROVECKATIVE ACTS AND HARRASEMENT RECEIVED IN THE SAME MANNER IN ALL

   OF THE MENTIONED OFFICES.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 200,000 with interest and costs.

Phone:

DISTRICT OF COLUMBIA, ss   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

MIHRETU BULTI D. _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

Bulti Mihretu
(Plaintiff — Agent)

Subscribed and sworn to before me this  23rd  day of  Sept.  19 98

Exhibit NO III
(ONE page)

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

)
Plaintiff(s)  )  Civil Action No. 98 ca 007267
MIHRETU BULTI DASISA  )
6217-12TH-NW W.DC.20011  )
vs.  )
)
Ms. LAVERNE Et.ll Defendant(s)  )
UNIVERSITY OF DIST.OF COLUMBIA  )
4200 CONNECTCUT AVE.N.W  )
W.DC. 20008

FILED OCT -5 1998

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _mihretu bulti dasisa_____, under oath do hereby state the following:

That my age and birth date are as follows: ____
03/05/98 ____

That my residential or business address is: ____
6217-12TH- ST-NW. W.DC.20011

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant ____
AEP. 24, 1998 _____ by registered/certified mail.

That the return receipt attached hereto was signed by THEODORE HALL    TO LAVERNE _____, the Defendant herein or UDC. 4200 CONN. AV.NW. 20008 _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as ____
9/25/98 _____.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can
                                    eceipt meets the
                                    ss as required by

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Dr. LAVERNE BLAGMON
EARL -
UDC - 4200 Conn. Av NW
WASH. DC. 20008

4a. Article Number
R627850751

4b. Service Type
☒ Registered    ☐ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
9/25

5. Received By: (Print Name)
Theodre Hall

6. Signature: (Addressee or Agent)
X Theodre Hall

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-98-B-0229    Domestic Return Receipt

Signature
Mihreti

of Oct. 19 98

rk/Notary Public
District of Columbia
Commission expires 3-14-02

*Exhibit No- 2 (II)*
*(3 pages)*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MIHRETU BULTI DASISA,  :
:
Plaintiff,  :
:
vs.  :  Civil Action No. 98-CA-7267
:
BRIGHT WOOD POSTAL STN., et al.,  :
:
Defendants.  :

FILED
NOV 30 1998
Superior Court
of the District of Columbia
Washington, D.C.

## DEFENDANT UNIVERSITY OF THE DISTRICT OF COLUMBIA'S ANSWER

### First Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Defense

1. and 2.   Defendant University of the District of Columbia ("UDC" or "the University") has insufficient information upon which to admit or deny the allegations of lines 1 and 2 of the Complaint, but asserts that mass marketing letters signed by Dr. LaVerne Blagmon-Earl were distributed world-wide in the Spring of 1998; and that follow-up letters inviting new enrollees to a mandatory orientation session were mailed on August 3, 1998; that plaintiff submitted an incomplete application package on July 5, 1998 and on August 5, 1998 paid the Twenty Dollar ($20.00) application fee, but otherwise never completed his application.

3 through 6.   Defendant UDC has insufficient information upon which to admit or deny the allegations of lines 3 through 6 of the Complaint, and since no exhibits were attached to the copy of the Summons and Complaint delivered to the University, has no idea what help or request for help is being referenced by plaintiff.

7.   Defendant UDC has no information regarding the receipt of any financial aid for plaintiff.

8 and 9.  Defendant UDC admits receipt from plaintiff of several irrelevant documents about plaintiff and a photocopy of an unofficial transcript purportedly from the University of Massachsettus at Amherst.

10 through 18.  Defendant UDC denies plaintiff's allegations, contentions, characterizations and conclusions expressed in lines 10 through 12 of the Complaint and asserts that Ms. Linda Conquest remembers plaintiff's visit to the admissions window at UDC on August 5, 1998 and denies that any snatching, harassment, or any type of assault occurred and that no group of people dealt with plaintiff. Plaintiff refused to understand that his application was incomplete and that his documentation was unacceptable. Mr. Miles Johnson recalls making a telephone call to plaintiff's home upon receipt of a letter of complaint from plaintiff, but that plaintiff refused to come to the phone when Mr. Johnson identified himself as a UDC official. Mr. Johnson also recalls that the woman who answered the phone laughed and told him that plaintiff was going to sue everybody.

19 and 20.  Defendant UDC denies the allegations of lines 19 and 20 of the Complaint.

21 to end.  Defendant UDC denies any allegations of wrongdoing that may be discerned from the balance of the Complaint, which appears to involve other institutions in other places and is beyond the ken of anyone at UDC. Defendant denies that it is liable to plaintiff for anything, denies that it discriminated against him or in any way mistreated him.

### Third Defense

Any injury or offense occurring to plaintiff is the result of his own misconduct.

### Fourth Defense

The University of the District of Columbia is *non sui juris*.

-3-

### Fifth Defense

Any injury or harm occurring to plaintiff is the result of his own contributory negligence.

### Sixth Defense

By failing to sign and date his application and provide proper documentation of his prior creditable educational achievements, plaintiff failed to offer to the University the required consideration for admission.

### Seventh Defense

By failing to even discuss his complaint with a University official, plaintiff waived any right or claim to damages for any misunderstandings that may have occurred during his visit to the UDC admissions office.

WHEREFORE, having fully answered the Complaint defendant UDC prays this honorable Court to dismiss the instant action with costs to defendant.

Respectfully submitted,

*[signature]*
ROBIN C. ALEXANDER [#184572]
University Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC  20008
202/274-5400

### Certificate of Service

I certify that copies of the foregoing Motion were mailed, first-class postage prepaid, this 30th day of November, 1998 to Mihretu Bulti Dasisa, plaintiff *pro se*, 6217 12th Street, N.W., Washington, DC 20011; Bright Wood Postal Station, N.W., Washington, DC 20011; William Robinson, Esq., Associate General Counsel, Howard University, 2400 Sixth Street, N.W., Washington, DC 20059; and U.S. Housing Authority, 1133 North Capital Street, N.E., Washington, DC 20002-7599.

*[signature]*
Robin C. Alexander

*Exhibit No I (b)*
*(2 pages)*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*98CA 7267*

MINRETU BULTI DASISA,            )
6217 12th Street, N.W.           )   CASE NUMBER  1:98CV02945
Washington, D.C.  20011          )
                                 )   JUDGE: Paul L. Friedman
        Plaintiff,               )
                                 )   DECK TYPE: Pro-Se
        v.                       )
*University of the District of Columbia,*  )   DATE STAMP: 12/03/98
BRIGHTWOOD POSTAL                )
  STATION, ~~et al.~~, *Howard Univ.* )
Room 6004 *and U.S. Housing Auth.* )
475 L'Enfant Plaza, S.W.         )
Washington, D.C.  20260-1100     )
                                 )
        Defendants.              )

FILED
DEC 03 1998

## NOTICE OF REMOVAL OF A CIVIL ACTION

Federal defendant, Brightwood Postal Station,[1] respectfully notifies this Court as follows:

1. The United States Postal Service's Brightwood Postal Station is a defendant in a civil action now pending in the Superior Court of the District of Columbia, Civil Action No. 98-0007267, entitled <u>Minretu Bulti Dasisa v. Brightwood Postal Station, et al.</u>.

2. The above-entitled action was filed on September 23, 1998, upon information and belief, Federal defendant has not yet been properly served. A copy of the Complaint has been received by the Office of the United States Attorney for this District,

---

[1] This notice does not constitute a general appearance by employees of the USPS in their individual capacities, and all defenses available to them, including those enumerated in Fed. R. Civ. P. 12 and immunity, are reserved.

although the Office has not been properly served. A copy of the Complaint is attached as Exhibit A.

3. This notice of removal is brought pursuant to 28 U.S.C. §§ 1441, 1442(a), and 1446, because plaintiff's action is one in which the district court has jurisdiction. In his Complaint, plaintiff appears to assert the tort claim of negligent transmittal of mail by USPS employees assigned to the Brightwood Postal Station. Plaintiff alleges that these employees failed to deliver his mail and that they engaged in "misconduct, dishonesty, physical and verbal abuses" and "postal fraud". See generally, Complaint. Plaintiff is seeking $5,000,000 in damages from Federal defendant.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. § 1441, 1442, and 1446.

Respectfully submitted,

_____
WILMA A. LEWIS, D.C. Bar # 358637
United States Attorney

_____
MARK E. NAGLE, D.C. Bar # 416364
Assistant United States Attorney

_____
LYDIA KAY GRIGGSBY, MD Bar #217089776
Assistant United States Attorney
555 Fourth Street, N.W., Room 9840
Washington, D.C. 20001
202/307-0372