UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Mihretu Bulti Dasisa, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-1397 (CKK) |
| | : | |
| University of the District of Columbia, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

In this action filed on July 13, 2005, plaintiff, proceeding *pro se*, sues the University of the District of Columbia for apparently refusing to enroll him as a student in the Fall of 1998 based on his application allegedly submitted in June 1998. Plaintiff invokes Title VII of the Civil Rights Act of 1964. He also asserts a common law claim of breach of contract. Defendant moves to dismiss or for summary judgment on the ground that the complaint is barred by the statute of limitations.[1] Upon consideration of the parties' submissions and the entire record, the Court agrees that the complaint is time barred. The complaint therefore will be dismissed.

Plaintiff does not state a Title VII claim because the allegations lack the requisite employee-employer relationship. *See* 42 U.S.C. § 2000e-2(a) (prohibiting unlawful practices by "an employer"). Construing the complaint as asserting a claim under 42 U.S.C. § 1981,[2] the

---

[1] To the extent that the University of the District of Columbia may not be sued in its own name, *see* Def.'s Mem. at 7-8, the District of Columbia is substituted as the proper defendant. For ease of case administration, the case caption will remain unchanged.

[2] The statute provides in relevant part that:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . (b) For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981 (a)-(c) (1991).

Court finds that the claim, based on events that allegedly occurred in 1998, is time barred.  In *Jones v. R.R. Donnelley & Sons Company*, 541 U.S. 369 (2004), the Supreme Court identified two statutes of limitations that may apply to this claim.  Because the complaint is not the model of clarity, the Court will address both.  If the claim arises "under an Act of Congress enacted after [December 1, 1990]," *i.e.*, § 1981 as amended by the Civil Rights Act of 1991, it is barred by the four-year federal statute of limitations.[3]  *See* 28 U.S.C. § 1658(a); *Jones*, 541 U.S. at 382.  If the claim arises under the original version of § 1981, it is barred by the "the personal injury statute of limitations of the forum State," *Jones*, 541 U.S. at 371, *i.e.*, the District of Columbia's catchall three-year statute of limitations.  D.C. Code § 12-301(8).  As to plaintiff's breach-of-contract claim, which is governed solely by District of Columbia law, defendant asserts correctly that it is barred by the District of Columbia's three-year statute of limitations applicable to claims based "on a simple contract, express or implied."  D.C. Code § 12-301(7).

    For the preceding reasons, defendant's motion to dismiss is granted.  A separate Order accompanies this Memorandum Opinion.

                                                _____s/s_____
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge

Date: April 12, 2006

---

[3] The 1991 amendment expanded § 1981's coverage by adding subsection (b). *See Jones*, 541 U.S. at 372-73.