# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-7106             September Term, 2006

05cv01397



Mihretu Bulti Dasisa,
    Appellant

v.

University of the District of Columbia,
    Appellee

**BEFORE:** Ginsburg, Chief Judge, and Griffith and Kavanaugh, Circuit Judges

### O R D E R

Upon consideration of the motion for summary reversal (styled as a motion for declaratory judgment) and the opposition thereto; the notice filed August 16, 2006; and the motion for summary affirmance, the opposition thereto, the reply, and the surreply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly held that appellant's claims, arising from events that took place in 1998, were barred by the applicable statutes of limitations. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004) (limitations period for claims under 42 U.S.C. § 1981 is either the four-year federal period or the forum state's period for personal injury claims); Carney v. American University, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (three-year residual statute of limitations in D.C. Code § 12-301(8) applies to personal injury claims and claims under 42 U.S.C. §1983); D.C. Code § 12-301(7) (statute of limitations for "simple contract" claims is three years); Stanley v. Trustees of California State University, 433 F.3d 1129, 1134 (9th Cir. 2006) (citations omitted) (Title IX statute of limitations is the state statute for personal injury claims). On appeal, appellant has offered no basis for concluding that the suit is timely or the limitations period should be tolled.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

A True copy:

Per Curiam

United States Court of Appeals
for the District of Columbia Circuit

By: _____
Deputy Clerk